UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| DWAYNE E. COE, ) | |
| ) | |
| Petitioner, ) | Civil No. 16-60-HRW |
| ) | |
| V. ) | |
| ) | |
| JODIE L. SNYDER-NORRIS, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Dwayne E. Coe is confined at the Federal Prison Camp in Ashland, Kentucky. Proceeding without an attorney, Coe has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1] Coe has arranged for payment of the five dollar habeas filing fee. [D. E. No. 1-1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Coe's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the

petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In June 2006 a federal grand jury in Statesville, North Carolina issued an indictment charging Coe with conspiracy to possess with intent to distribute cocaine, crack cocaine, methamphetamine and crystal methamphetamine in violation of 18 U.S.C. §§ 841(b)(1)(A), 846. In August 2007 Coe signed an agreement to plead guilty to the charges. As part of that agreement, Coe expressly waived his right to appeal or collaterally attack his conviction or sentence except upon grounds of ineffective assistance of counsel, prosecutorial misconduct, or sentencing findings contrary to those stipulated in the plea agreement. In November 2008, the trial court sentenced Coe to 240 months imprisonment.

When Coe appealed to the Fourth Circuit, his attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) in light of the appeal waiver. Because the government did not invoke the waiver to seek dismissal of the appeal, in August 2009 the Fourth Circuit considered and rejected Coe's argument that a prior conviction could not be used to enhance his sentence unless it was charged in the indictment and proved to the jury beyond a reasonable doubt. *United States v. Coe*, No. 5: 06-CR-37-RLV-DCK-5 (W.D.N.C. 2006) [D. E. Nos. 3; 182 at 4; 376; 431]

2

Coe then filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, contending that his trial counsel was ineffective in several regards, including the failure to challenge the validity of two prior misdemeanor convictions, and that his guilty plea was not knowingly and voluntarily made. The trial court denied that motion in May 2013, and the Fourth Circuit denied a certificate of appealability. *Coe v. United States*, No. 5: 10-CV-105-RLV (W.D.N.C. 2010).

In his petition, Coe first argues that the trial court could not enhance his sentence based upon prior convictions unless those prior convictions were presented to the grand jury and charged in the indictment. [D. E. No. 1 at 6-7] Second, Coe repeats his argument that his prior convictions had to be proven to the jury beyond a reasonable doubt. *Id.* at 8-9. Third, Coe contends that the magistrate judge who accepted his guilty plea, even with his consent [D. E. No. 192 at 5], lacked the authority to accept his plea under 28 U.S.C. § 636. [D. E. No. 1 at 10-11]

Coe's petition must be denied for three reasons. First, Coe may not pursue his claims in a § 2241 petition. A petition filed under 28 U.S.C. § 2241 is reserved for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir.

3

2009). To challenge the legality of a federal conviction or sentence, a prisoner must file a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). The prisoner may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

Under highly exceptional circumstances, the "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) "is inadequate or ineffective" to test the legality of his detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ...").

Instead, the prisoner must be asserting a claim of "actual innocence." Such a claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under

4

which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002). None of Coe's claims fall within this extraordinarily narrow exception as they are based upon ordinary trial error and are not predicated upon new Supreme Court authority which renders him actually innocent of his criminal convictions.

Even if this were not so, Coe is barred from collaterally attacking his conviction or sentence pursuant to the waiver provisions found in his plea agreement. In that agreement, Coe expressly and unequivocally waived his right to appeal or collaterally attack his conviction or sentence except upon the three grounds identified above, none of which apply here. Such waivers are enforceable in habeas proceedings under § 2241, and preclude the assertion of the very arguments Coe pursues here. *Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases); *Mabry v. Shartel*, No. 122637, 2015 WL 7273817, at *1 (3d Cir. Nov. 18, 2015); *Combs v. Hickey*, No. 11-12-JMH, 2011 WL 65598 (E.D. Ky. Jan. 7, 2011); *Peete v. United States*, No. 11-cv-2242, 2013 WL 3199834, at *1-2 (C.D. Ill. June 24, 2013); *Gonzalez v.*

5

*Warden of MCC New York*, No. 12-Civ. 6910, 2013 WL 144956 (S.D.N.Y. Jan. 14, 2013).

Nor is the remedy available under § 2255 considered "inadequate or ineffective" where, as here, the petitioner waived his right to seek relief under that provision as part of a plea agreement. *Muse v. Daniels*, 2016 WL 1163836, at *1 (7th Cir. Feb. 24, 2016) (holding that a collateral attack waiver "would apply equally in a proceeding under § 2241, had not § 2255(e) taken precedence, for § 2241 is a form of collateral attack."); *Muller v. Sauers*, 523 F. App'x 110, 112 (3d Cir. 2013) ("Muller's plea agreement included a waiver of collateral-attack rights 'in any post-conviction proceeding, including-but not limited to-any proceeding under 28 U.S.C. § 2255.' Therefore, his plea agreement forecloses relief pursuant to § 2241 ..."); *Johnson v. Warden*, 551 F. App'x 489, 491 (11th Cir. 2013); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001); *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) ("The conventional understanding of 'collateral attack' comprises challenges brought under, for example, 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of coram nobis.")

Finally, even if the Court could reach the substance of Coe's claims, they are without merit. Coe first argues that his prior offenses had to be presented to the grand jury and contained in the indictment before his sentence could be enhanced

based upon them. [D. E. No. 1 at 6-7] The Supreme Court rejected this argument years ago in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) (holding that facts such as the existence of prior offenses which merely increase the possible sentence for a charged offense but which do not themselves constitute separate offenses need not be presented to the grand jury or charged in the indictment). That decision retains its vitality today. *Alleyne v. United States*, __ U.S. __ 133 S.Ct. 2151, 2160 n.1 (2013).

*Alleyne* also disposes of Coe's second claim, that his prior convictions had to be proven to the jury beyond a reasonable doubt. That decision retained the long-established rule under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) that, unlike other facts, the existence of a prior conviction may be found by a judge and used to enhance a defendant's sentence consistent with the Sixth Amendment. *Alleyne*, 133 S.Ct. at 2157-60.

Coe finally contends that a magistrate judge may not accept a guilty plea, even with his consent. [D. E. No. 1 at 10, citing *United States v. Harden*, 758 F. 3d 886 (7th Cir. 2014)]. This Court has consistently rejected this argument under the overwhelming majority of circuit precedent and Sixth Circuit practice. Cf. *Green v. Holland*, No. 16-12-DLB (E.D. Ky. 2016). While the Seventh Circuit candidly acknowledged that its holding conflicted with that of the Fourth, Tenth, and Eleventh Circuits, *Harden*, 758 F. 3d at 891, in fact it also conflicts with the

7

Second, Fifth, and Eighth Circuits as well. *United States v. Dees*, 125 F. 3d 261 (5th Cir. 1997); *United States v. Torres*, 258 F.3d 791, 794-96 (8th Cir. 2001). Albeit in a non-precedential opinion, the Sixth Circuit long ago indicated that the practice is acceptable where (as here) the defendant consents. *United States v. Cukaj*, 25 F. App'x 290, 291 (6th Cir. 2001). The practice is routinely used in this circuit. Cf. *United States v. Toirov*, No. 2:15-CR-210, 2015 WL 6459229, at *1 (S.D. Ohio Sept. 24, 2015). Courts outside of the Seventh Circuit therefore have rejected § 2241 petitions seeking relief under *Harden*. Cf. *Morton v. Maiorana*, No. 2: 13-CV-2548, 2014 WL 5796749, at *1 (W.D. La. Nov. 6, 2014). Coe's habeas claims are therefore substantively without merit. The Court therefore must deny the petition.

Accordingly, **IT IS ORDERED** that:

1. Petitioner Coe's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 6th day of June, 2016.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge